**UNITED STATES of America**

v.

**Hector GUTIERREZ, Appellant.**

No. 06–1156.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 22, 2007.

Filed Oct. 29, 2007.

Jose R. Arteaga, Office of United States Attorney, Philadelphia, PA, for United States of America.

David L. McColgin, Defender Association of Philadelphia Federal Court Division, Philadelphia, PA, for Appellant.

Before: SLOVITER, CHAGARES, and HARDIMAN, Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Hector Gutierrez entered a guilty plea on September 20, 2005 to a one-count indictment charging illegal re-entry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On December 29, 2005, the District Court sentenced Gutierrez to forty-six months imprisonment. Gutierrez challenges the District Court's refusal to consider the "unwarranted disparity" between sentences imposed in non-fast-track jurisdictions compared to sentences imposed in fast-track jurisdictions.

### I.

Gutierrez is a native and citizen of Guatemala. He first came to the United States in 1998 to seek employment.

Gutierrez was subsequently arrested and pled guilty in a Pennsylvania state court to a charge of rape in April 2003. He was sentenced to 11½ to 23 months imprisonment. Following his release from prison, the Bureau of Immigration & Customs Enforcement ("ICE") deported Gutierrez to Guatemala on October 31, 2003.

Gutierrez returned to the United States in 2004, and was arrested in March 2005 by ICE officials in Philadelphia, Pennsylvania. On May 5, 2005, a federal grand jury in the Eastern District of Pennsylvania returned a one-count indictment charging Gutierrez with violating 8 U.S.C. § 1326, that is, illegal re-entry following deportation.

Having calculated Gutierrez's United States Sentencing Guidelines ("U.S.S.G."

or "Guidelines") range to be 46–57 months imprisonment, the District Court sentenced him to 46 months imprisonment.[1] Gutierrez argues that the District Court erred because it refused to grant his request for a sentencing variance based upon so-called sentence disparities between fast-track and non-fast-track jurisdictions. The District Court ruled that it could not consider the fast-track disparity argument, because Congress had not authorized judges to do so. Specifically, the District Court stated that the fast-track option is a "political question left to the good and sound reasoning of those authorized to seek it." App. at 55.

Gutierrez timely appealed, arguing that, due to the discretionary nature of the Guidelines following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the District Court should have recognized that it had discretion to consider unwarranted sentencing disparities between similarly situated defendants pursuant to 18 U.S.C. § 3553(a)(6).

## II.

The District Court had subject matter jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review sentences for reasonableness. *Booker*, 543 U.S. at 261, 125 S.Ct. 738; *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir.2006). "[A]ppellants have the burden of demonstrating unreasonableness." *Cooper*, 437 F.3d at 332.

## III.

In *United States v. Vargas*, 477 F.3d 94, 99 (3d Cir.2007),[2] this court held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." We reasoned that, although § 3553(a)(6) requires district courts to consider "unwarranted sentence disparities among" similarly situated defendants, the sentence disparity between sentences in fast-track and non-fast-track districts has been authorized by Congress, and is therefore a "warranted" disparity. *Id.* at 98 & n. 9. Section 3553(a)(6) does not require district courts to consider a "warranted" disparity. *See id.*

■■■ Therefore, it was not unreasonable for the District Court to refuse to grant a sentencing variance based upon Gutierrez's sentence disparity argument.[3]

1. The District Court determined that Gutierrez's base offense level was eight. Gutierrez's prior rape conviction increased that base level by sixteen levels. Gutierrez earned a three-level reduction for acceptance of responsibility, bringing his total offense level to twenty-one. With a criminal history category of III, Gutierrez's sentencing range was 46–57 months.

2. *Vargas* was decided after the parties completed initial briefing in this case. It effectively moots the arguments made by Gutierrez.

3. We also note that the District Court sentenced Gutierrez to forty-six months, the lowest end of the Guidelines range. Had Gutierrez prevailed in his sentence disparity argument, he would have requested the District Court to sentence him within the range of 37–46 months, which overlaps at the high end with the sentence Gutierrez actually received. A sentence of forty-six months imprisonment, therefore, is consistent with a sentence imposed within the range Gutierrez requested.

In addition, the District Court thoroughly considered each of the discretionary factors delineated in § 3553(a), illustrating that the Court knew that it could have imposed a non-Guidelines sentence. Specifically, the District Court considered the importance of striving to avoid unwarranted sentence disparities, but determined that the concern of an unwarranted sentence disparity did not apply in this case.

*See Vargas,* 477 F.3d at 99. Because the sentence imposed was reasonable, remand is not appropriate.

Gutierrez argues, however, that this court's holding in *Vargas* is inconsistent with our holding in *United States v. Gunter,* 462 F.3d 237 (3d Cir.2006). In *Gunter,* this court agreed with the appellant that, although the district court was under no obligation to sentence below the Guidelines range solely based upon the crack/powder cocaine differential, the court could (though was not required to) consider the 100:1 crack/powder cocaine differential in the Guidelines as a factor in the post-*Booker* sentencing scheme. *Id.* at 249, 125 S.Ct. 738. We rejected the district court's ruling that, as a matter of law, it could not consider the differential.

Gutierrez argues that because the *Gunter* opinion stated that courts must exercise their discretion by considering the relevant § 3553(a) factors in imposing a sentence, the District Court erred in ruling that it did not, in effect, have discretion to consider the fast-track/non-fast-track disparity. Under *Vargas,* however, a sentence that ignores the fast-track/non-fast-track disparity is not unreasonable because that disparity is "warranted" (having been authorized by Congress), and therefore does not qualify under § 3553(a)(6) as an "unwarranted disparity." *See Vargas,* 477 F.3d at 98–100.

Contrary to Gutierrez's argument, the District Court's conclusion is consistent with the conceptual underpinnings of both *Gunter* and *Vargas. Gunter* addressed the district courts' discretion to consider factors other than the Guidelines calculation itself. *Vargas* said nothing about discretion; rather, that decision interpreted the meaning of a particular statutory factor under § 3553(a), that is, what is meant by an "unwarranted" sentencing disparity.

## IV.

For the above-stated reasons, we will affirm the sentence imposed.